UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOSEPH G. SHERRICK** | : | **CIVIL ACTION  NO. 2:14-cv-1785** |
| **BOP#11487-035** | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **WARDEN MAIORANA** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATIONS

Before the court is a *pro se* petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by Joseph Sherrick (hereinafter "Sherrick"), an inmate in the custody of the Federal Bureau of Prisons. He is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

On November 18, 2002, Sherrick pleaded guilty to possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g)(1*). USA v. Sherrick*, 2:02-cr-20100-02, at doc. 37.  On May 14, 2003, this court sentenced him to two hundred ninety-three months of imprisonment. *Id*. at docs. 53, 55.  On April 13, 2004, he filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  *Id*. at doc. 59. On April 4, 2005, the motion was granted on the basis of ineffective assistance of counsel.  *Id*. at doc. 78.  At re-sentencing, on May 13, 2005, this court

ordered that his state and federal sentences run concurrently. *Id*. at doc. 80. On May 15, 2006, Sherrick filed a motion for leave to amend his § 2255 motion. *Id*. at doc. 86. Construing the motion as a second or successive motion under § 2255, we transferred the matter to the Fifth Circuit in order for Sherrick to seek authorization to file. *Id*. at docs. 88, 90. The Fifth Circuit denied relief on July 31, 2006, and entered judgment on August 14, 2006. *Id.* at docs. 101,102.

Sherrick filed the current writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on June 19, 2014. He claims that he is actually innocent of the charge of being an armed career criminal, and that the sentencing court erred in classifying and convicting him as such. Doc. 1, p. 4.

## II.
### LAW AND ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. See *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here, Sherrick collaterally attacks his incarceration arguing errors with respect to his federal conviction. Specifically, he challenges the sentence imposed, not the execution of that sentence. Therefore, his claim should be advanced in a § 2255 Motion to Vacate.

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* under § 2241 if the remedy under a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255; *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is

unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.*

A prisoner seeking relief under the "savings clause" must establish: (1) that his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) that his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first motion under § 2255. *Reyes-Requena*, 243 F.3d at 904. Sherrick simply does not satisfy these criteria. He simply argues that his sentence was wrongfully enhanced because he was improperly sentenced as a career criminal. He has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense.

Sherrick's reliance on *Descamps v. United States*, 133 S.Ct. 2276 (2013), is misplaced. The Supreme Court has unequivocally stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). *Descamps* has not been declared retroactively applicable on collateral review. See *In re Jackson*, 776 F.3d 292, 296 (5th Cir. 2015) ("Nothing in *Descamps* indicates that its holding announced a new rule that was constitutionally based, and *Descamps* did not announce that its holding applied retroactively to cases on collateral review.")

Consequently, Sherrick cannot carry his burden of proving that his § 2241 petition falls under the savings clause of § 2255, and he may not avail himself of § 2241 relief in this case. In sum, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, we lack jurisdiction, and the instant petition for writ of *habeas corpus* must be dismissed. See *Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

### III.
### CONCLUSION

Since Sherrick has not met the savings clause requirements, his claims are not properly brought under § 2241, and this court lacks jurisdiction to consider his claims under § 2255.

Accordingly,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 16th day of April, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE